Oldham, J. This action is brought upon a covenant entered into between the parties to this suit and others as their respective securities, whereby Clarke obligated himself to perform all the carpenter’s work of a certain brick house to be built in the town of Fort Smith, for Cassady & Dunn in a plain workman-like manner, and to furnish lumber and other materials, and to complete the work by the 15th day of December 1844. In consideration of which Cassady & Dunn agreed to pay him one hundred dollars in hand, one hundred dollars when the building should be roofed, and three hundred dollars when it should be completed. The declaration avers that “Clarke did well and truly execute and perform all the carpenter’s work in and about said brick house, in a good, plain and workman-like manner according to the specification and plan thereof contained in said covenant, and did well and truly perform all things mentioned and contained in said covenant on his part and behalf to be performed and fulfilled, according to the tenor and effect, true intent and meaning of the said covenant except in this, that he did not make and finish shutters for six windows, but the reason why he did not make them, said Dunn and Cassady refused to accept and receive such shutters as were required by said covenant, and also that he did not do and perform said work on or before the 15th day of December 1844, because of his indisposition and of his inability to procure lumber; but that he did afterwards, to-wit, on the first day of April 1845 complete said work with the exception aforesaid, and tendered said building so completed to said Cassady and Dunn, who'received and took possession of the same and expressed themselves well satisfied therewith. The declaration then charges for a breach on the part of Cassady & Dunn, the non-payment of the one hundred dollars in hand, one hundred dollars when the building was roofed, and three hundred dollars when it was completed. The defendant Dunn demurred to the declaration, and Cassady filed six pleas. To the first three the plaintiff took issue and demurred to the others. The demurrer to the declaration was overruled and that to the pleas sustained. The issues upon the remaining pleas were tided, when the first two, averring payment of one hundred dollars in hand and one hundred dollars when the building was roofed,' were found for the defendants; the other plea for the plaintiffs, and his damages were assessed to sixty-eight dollars and twenty-five cents, for which and costs judgment was rendered in his favor. It is contended for the plaintiffs in error, who were the defendants below, that the -declaration is defective in not showing a sufficient performance of the condition precedent on the part of the defendant in error. It is no objection that the six window shutters were not made, as a lawful excuse -is shown for that failure — the refusal of the opposite party to receive such shutters as were required by the agreement. In Wilhelm vs. Caul, 2 Walts & Serg. 27, it was held that “ if a contract require the performance of the entire work by one party, yet if the other party dispense with portions of it, the plaintiff may recover under the contract the price he is entitled to for the work actually done, and that where the plaintiff contracted to do the carpenter’s work of a house for the defendant, for a certain price to be paid as the work progressed, and completed the work with the exception of, two doors and a window, which the defendant dispensed with, he might recover for the work actually done.” That case we think sufficient to settle this point in the question under consideration. The indisposition of Clarke, and his inability to procure lumber, which, by the agreement he was to furrish, afford no excuse for the non-completion, of the work by the I5th -day of December, 1844, when by the contract it should have been finished. Where a duty is created by law, a party will-be excused from performing it, if he is disabled without his own fault, but it is otherwise where the duty arises from his own agreement. Mill Dam Foundery vs. Hovey, 21 Pick. Rep. 417, 430, 431, 441. And therefore where a person contracts to build a house, he will not be discharged by its being destroyed by fire before its completion. Adams vs Nichols, 19 Pick. 275. Although he did not complete the house by the time in which he agreed to do it, and was in law guilty of a breach of his cove» nant, yet as he was permitted to go on with the work and complete it, which was then tendered to and accepted by the other party, it amounted to such a performance of the contract on his part as will entitle him to his action against them for a breach of their part of the contract. In Flagg vs. Dryden, 7 Pick. 52, the plaintiff, having agreed to deliver certain machinery at a certain time and place, delivered it after the time: it was held to amount to a performance if the defendant agreed to the postponement, or knowing of the delivery did not dissent. The demurrer was properly sustained to Cassady’s pleas. They are palpably and manifestly bad. The fourth and fifth, so far from traversing any material allegation contained in the declaration, or of confessing and avoiding it, set up matters which are admitted. The fourth plea alleges that the brick work of the house was completed in time for Clarke to have done the carpenter’s work by the 15th Dec., 1844, when it should have been completed, and that he did not complete the work within the time specified by the contract. The declaration by not alleging by way of excuse that the brick work was not completed in sufficient time, admits that such excuse did not exist, and it specially admits that the carpenter’s work was not completed within the time agreed upon, but sets up as we have already seen, a legal avoidance of that failure. The fifth denies that Clarke performed all the carpenter’s work in a good and plain, workmanlike manner &c., which fact is expressly admitted, six wfindow shutters not having been made, but for which a valid excuse is also shown. The sixth plea traverses a wholly unnecessary and superfluous allegation contained in the declaration. The completion of the work, after the time when it should. have been completed, together with the tender of the house so completed by Clarke, and the acceptance and possession thereof by Cassady and Dunn are the substantial facts which go to show performance. What was said by them of their being satisfied may be matter of evidence, but is wholly useless and immaterial as an allegation in the declaration. We see no error in the judgment and the same is therefore affirmed